OPINION OF THE COURT
Vincent G. Bradley, J.
On October 26, 1983, this court gave due notice that the defendants’ prior motions for a dismissal of the complaint would be converted to a motion for summary judgment pursuant to CPLR 3211 (subd [c]). Thereafter, the parties made additional submissions and orally argued at Special Term on November 28, 1983. This is an action for declaratory judgment finding that the disclaimer by the defendant insurance company of coverage of the plaintiff under a homeowner’s policy taken out by the codefendant Carolyn Sue Miroff is improper.
The only issue to determine in this matter is whether or not Bruce Miroff is “insured” as a “resident” of his wife’s “household” pursuant to paragraph 3 of Carolyn Sue Mir-off’s homeowner’s policy. The pertinent language of the policy states as follows:
3. “insured” means you and the following residents of your household:
(a) your relatives,
(b) any other person under the age of 21 who is in the care of any person named above.
It is clear that although the parties were living in separate residences, the marriage between them still legally existed. It is also asserted that the separation was either on a temporary or trial basis and it is not denied that the *812 plaintiff visited with the parties’ child on a regular basis at Carolyn Miroff’s apartment.
There is a paucity of New York case law on the issue of whether or not the plaintiff, as an unofficially separated spouse still remains a “resident” of his wife’s “household” for purposes of insurance coverage under her homeowner’s policy. In resolving this issue, this court agrees with the holding of the State of Washington Court of Appeals in Hawaiian Ins. & Guar. Co. v Federated Amer. Ins. Co. (13 Wn App 7). In that case the court found that the issue of coverage should be determined by ascertaining whether the separation is intended to be permanent or whether it is merely intended to be temporary with reconciliation a possibility. If it is found that the separation was meant to be temporary, that finding, together with the strong public policy considerations favoring continuing coverage to both spouses during the legal existence of the marriage, would require a judgment in favor of the plaintiff in the action (see Hawaiian Ins. & Guar. Co. v Federated Amer. Ins. Co., supra, p 20). Implicit with this court’s agreement with the holding of Hawaiian Ins. & Guar. Co. is its acceptance of the authorities which reject the theory that a person could not be a member of a household unless they were literally under the same roof (see Reserve Ins. Co. v Apps, 85 Cal App 3d 228; Lumbermans Mut. Cas. Co. v Continental Cas. Co., 387 P2d 104 [Alaska]; Mazilli v Accident & Cas. Ins. Co., 35 NJ 1).
While this court has decided what should be the applicable standards with respect to this motion for summary judgment, it also appears that it would be more appropriate that a record were developed as to the Miroffs’ intent concerning their separate residences and future marital relationship consistent herewith. Inasmuch as a determination of that issue will provide for the expeditious disposition of the matter the same is referred for immediate trial on said issue at a Trial Term, Part I, in Albany County pursuant to CPLR 3212 (subd [c]).